I respectfully concur in the result only of the majority Opinion and Award in this case. I agree that it is clear that plaintiff was only entitled to receive partial disability compensation during the time she worked at Dollar General earning an average weekly wage of $94. 50 (18 hrs x $5. 25 per hr). Plaintiff should have received $127.00 in partial disability compensation, rather than the $190.00 she was actually paid, resulting in an overpayment of $63. 00 per week. I am not persuaded, however, that plaintiffs endorsement of checks containing the language set forth in the majority opinion proves that plaintiffs failure to report her income was willful or intentional.
The Industrial Commission has now adopted rules effective 1 June 2000 allowing similar endorsement language to be used on the back of checks, but only after injured employees have been sent a "Notice explaining certain rights and obligations of the parties. The endorsement language alone is not deemed sufficient under the new rules to establish that a person knowingly and intentionally misrepresented their wage earning status. Defendants use of the endorsement language in question was not authorized by the Industrial Commission and does not comply with the current Notice requirements of Rule 902.
Lastly, it appears from the findings in the majority Opinion and Award that "[p]laintiffs failure at the Form 24 hearing to advise defendants of her return to work, despite the opportunity to do so was a factor relied upon in the determination of the willfulness of her intent to conceal her employment with Dollar General. It is the practice of the Commission in conducting Form 24 hearings that a represented plaintiff is not a party to the hearing; rather participation in the hearing is limited to counsel for the parties. Further, the hearing is based solely upon the documentary evidence of record in the case. Even if plaintiff had been present at the telephonic hearing, she would not have been permitted to speak and offer testimony. Therefore, the majoritys reliance on plaintiffs failure to so participate is misplaced as a basis for finding willful conduct on the part of plaintiff.
For these reasons, I concur in the result only reached by the majority.
This the ___ day of September, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER